UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott McLaughlin and
Nancy McLaughlin

   v.                                 Civil No. 12-cv-386-SM

Bank of America, N.A.


**O R D E R**

Plaintiffs, Scott and Nancy McLaughlin (collectively "McLaughlins"), sued Bank of America, N.A. ("Bank") in the New Hampshire Superior Court located in Cheshire County.  See Petition for Relief (doc. no. 4).  Defendant removed the action to this court on the basis of diversity jurisdiction.  See Notice of Removal (doc. no. 1).

On November 1, 2012, the Bank filed "Defendant's Motion for a More Definite Statement" (doc. no. 7) and a supporting memorandum (doc. no. 7-1), pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, seeking an order that the McLaughlins "re-plead their Petition for Relief to make clear the legal causes of action to which Bank of America must respond, and the facts allegedly supporting each legal cause of action." Plaintiffs have not objected or otherwise responded to the motion.

**Discussion**

I. Rule 12(e) Standard

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "'A more definite statement will be required only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Guilbeault v. R.J. Reynolds Tobacco Co., 1998 WL 919117, *1 (D.R.I. July 24, 1998) (quoting Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989)). "Since Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint[,] a Rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet." Guilbeault, 1998 WL 919117, at *1 (internal quotation marks and citation omitted).

II. McLaughlin's Pleadings[1]

Plaintiffs complain that in March 2009, "Countrywide," the financial institution that apparently then serviced the mortgage

---

[1] Because plaintiffs are appearing pro se in this matter, their pleadings have been construed generously. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

on plaintiffs' residence, among other things, effected "payment reversals" of eight timely mortgage payments that plaintiffs had already made, misapplied additional timely mortgage payments so that the plaintiffs' account did not reflect that payments were current, and made negative reports to credit reporting agencies. Plaintiffs complained to Countrywide in spring 2009.  After investigating plaintiffs' complaints, Countrywide, in April 2009, determined that an error had been made in calculation of plaintiffs' interest rates after an April 2008 modification of the terms of the loan, resulting in the mistaken "payment reversals."  Countrywide advised plaintiffs that it would correct the problem.

Between April 2009 and August 2009, plaintiffs received near daily collection calls concerning the mortgage and Countrywide's intent to foreclose.  On August 19, 2009, plaintiffs wrote to Countrywide.  The Bank responded, stating that it had taken steps to correct the problems resulting from the April 2008 error, including halting foreclosure proceedings, waiving late charges and other fees, advising the credit reporting agencies that plaintiffs' mortgage payments had been current since July 2008, and coding the plaintiffs' account to stop collection activity.

After he received a bill that did not reflect any correction to the past due balance that had been showing on the account, Scott McLaughlin notified the Bank that the matter had not been resolved to his satisfaction. The Bank took further steps to address the problem, including marking the account current as of October 1, 2009.

It appears that plaintiffs stopped making mortgage payments in or around November 2009. The Bank initiated foreclosure proceedings after offering the plaintiffs the opportunity to modify their mortgage agreement. Plaintiffs report that in March 2010, the Bank installed a lock box on the front door of their residence, and items were missing from their home. In July 2010, the Bank notified plaintiffs that it intended to initiate foreclosure proceedings.

III. Ambiguity and Vagueness in Petition for Relief

A generous review of the petition for relief and the attachments thereto reveals that plaintiffs claim that apparent errors by both Countrywide and Bank of America have harmed them. The petition, however, does not state what cause of action the plaintiffs are invoking in order to obtain relief, and does not clarify whether the actionable conduct was conduct of Bank of America, N.A., Countrywide, or another entity related to the

Bank.[2] Oblique references to "breach" or "fraud," without more, are insufficient to adequately place the Bank on notice as to what legal action plaintiffs assert. Furthermore, plaintiffs have not identified what specific acts or omissions attributable to the defendant demonstrate that they are entitled to relief. Again, this impairs defendant's ability to answer or otherwise defend this matter. Accordingly, relief under Rule 12(e) is appropriate. See Teng v. Shore Club Hotel Condominiums, No. 11-cv-281-JL, *11 (D.N.H. Apr. 12, 2012); see also L'Esperance v. HSBC Consumer Lending, Inc., No. 11-cv-555-LM, 2012 WL 2122164, *10 (D.N.H. June 12, 2012) ("Justice demands that plaintiffs have a fair opportunity to state legitimate claims against those they think have wronged them, but justice also requires some degree of protection for defendants from plaintiffs who are unable to do so.").

---

[2] In its motion for a more definite statement, defendant states that plaintiffs have failed to identify any wrongful conduct of Bank of America, N.A., as opposed to Countrywide, upon which their claims are based. Plaintiffs are advised to consider which party or parties to name as defendant[s] in this action, in connection with filing an amended complaint. See, e.g., Gorham-DiMaggio v. Countrywide Home Loans, Inc., CIV.1:08CV019LEK/RFT, 2009 WL 1748743, *10 (N.D.N.Y. June 19, 2009) (denying motion to add "Bank of America" as a defendant to action against Countrywide as loan servicer), aff'd, 421 F. App'x 97 (2d Cir. 2011).

5

**Conclusion**

Defendant's motion for a more particular statement (doc. no. 7) is GRANTED.  Within thirty days of the date of this order, the McLaughlins shall file an amended pleading stating with particularity what causes of action plaintiffs intend to assert in this action, and what specific facts alleged by plaintiffs give rise to defendant's liability under the causes of action asserted.  If plaintiffs fail to comply with the terms of this order, upon motion, the court may recommend that the complaint be stricken, pursuant to Rule 12(e), or that other appropriate relief be granted to defendants.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 5, 2012

cc:  Scott McLaughlin, pro se
     Nancy McLaughlin, pro se
     Jennifer Turco Beaudet, Esq.
     Thomas J. Pappas, Esq.

LBM:jba